



**KIRSCH GARTENBERG HOWARD** LLP
*Attorneys for Plaintiff*
Two University Plaza
Hackensack, New Jersey 07601
(201) 488-4644

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
HTTP ELECTRONIC PUBLISHING, INC.,

                        Plaintiff,

    -against-

SMB RESOURCE GROUP, SYSTEK
CORPORATION, MOHAMMAD SHAFIQ ur
RAHMAN, AZHAR A. MALIK, MUNAZA
MALIK, and JOHN DOE, a fictitious person or entity
whose name is not currently known,

                        Defendants.
------------------------------------------------------------X

Docket No.

RECEIVED
AUG 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT**

       Plaintiff, by its attorneys, alleges for its Complaint against defendants:

### THE PARTIES

       1.    Plaintiff is a New Jersey corporation with its principal place of business at 210 Route 4 East, Paramus, New Jersey 07652-5103.

       2.    Defendant SMB Resource Group is an alter ego of defendants Azhar A. Malik, Munaza Malik and/or Mohammad Shafiq ur Rahman, with offices at 750 Main Street, Suite 812, Hartford, Connecticut 06103.

       3.    Systek Corporation was at one time a Connecticut corporation, but it was dissolved in 2004 and is now an alter ego of defendants Azhar A. Malik, Munaza Malik and/or Mohammad Shafiq ur Rahman with an office at 90 Brainard Road, Suite 103, Hartford, Connecticut 06114.

4. Defendants Azhar A. Malik, Munaza Malik and Mohammad Shafiq ur Rahman are the principals of SMB Resource Group and Systek Corporation and jointly and severally control those the defendants, with last known addresses at 700 Maple Avenue, Suite 202, Hartford, Connecticut 006114.

5. Defendants SMB Resource Group, Systek Corporation, Azhar A. Malik, Munaza Malik and Mohammad Shafiq ur Rahman are referred to herein collectively as the "SMB defendants".

6. John Doe is a fictitious person or entity residing in the City and State of New York whose name is not currently known but who is believed to have custody of the personal property at issue in this lawsuit.

## JURISDICTION AND VENUE

7. This is an action between citizens of different states, wherein the matter in controversy involves a value in excess of $75,000. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

8. The venue of this action is properly laid pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events giving rise to plaintiffs' claims occurred within the Southern District of New York and the property is believed to be located within that District.

## FIRST CAUSE OF ACTION

9. On May 15, 2008, the SMB defendants agreed to transfer to plaintiff all materials in their control relating to the websites "FoxMagazine.com", "LollyPopsOnline.com" and "Gallery Magazine.com", including at least 300 source DVD's, which materials supplied the content for these websites. Plaintiff had previously purchased these materials from the prior

owner as part of its purchase of these websites in a sale conducted under the auspices the United States Bankruptcy Court for the Southern District of New York.

10. The SMB defendants had control of these materials in their capacity as the image repository for these websites.

11. Upon information and belief, the materials at issue are in the physical custody of the party sued herein as "John Doe", a person or entity residing in the City and State of New York who acted as defendants' subcontractor or agent.

12. By wire transfer on May 16, 2008, plaintiff paid the SMB defendants an agreed upon fee of $9,000 to effect the transfer of these materials.

13. Notwithstanding the agreement and the acceptance of plaintiff's payment, the SMB defendants have failed to transfer any of the materials to plaintiff.

14. The SMB defendants have wrongfully detained and converted the materials.

15. As a result of the SMB defendants' wrongful detention and conversion, plaintiff has lost subscription revenues because it has not been able to update the websites, has lost business opportunities, and has suffered other direct and consequential damages.

16. Unless the SMB defendants promptly perform as promised, plaintiff must incur the additional expense of updating the websites with substitute materials, which process will necessitate substantial additional labor and expense in creating new photo and video content, obtaining rights, and purchasing materials, thereby causing plaintiff to suffer additional direct and consequential damages.

WHEREFORE, plaintiff demands judgment against the SMB defendants, jointly and severally, for damages in the amount of $250,000, with interest, and costs of suit.

## SECOND CAUSE OF ACTION

17. Plaintiff repeats and realleges allegations set forth in the paragraphs 1 - 16 of the Complaint as if set forth herein at length.

18. The materials that are the subject of this lawsuit are unique and not readily capable of valuation or replacement.

19. Plaintiff has demanded that the SMB defendants deliver and turnover such materials to it, but the SMB defendants have failed and refused to do so.

20. The SMB defendants have wrongfully detained and converted the materials by allowing defendant John Doe to continue to hold such materials contrary to plaintiff's property rights..

WHEREFORE, plaintiff demands judgment against the SMB defendants and the person or entity sued herein as John Doe, jointly and severally, for specific performance and injunctive relief directing them to deliver and turnover to plaintiff all of the materials that are the subject of this lawsuit, with attorney's fees and costs of suit.

Dated: August 7, 2008

> KIRSCH GARTENBERG HOWARD LLP
> *Attorneys for Plaintiff*
>
> By: _____
> Thomas S. Howard

H:\3634.006 HTTP\Pleadings\Complaint.doc